BARRY W.ROREX (AZ Bar #025910)
LAW OFFICE OF BARRY W. ROREX, PLC
177 N. Church Ave., SUITE 1100
TUCSON, AZ 85701
Telephone: (520) 495-7596
Facsimile: (520) 838-8061
Email: barry@brorexlaw.com
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AMADO G. CALDERON,<br><br>        Debtor. | Proceedings under Chapter 7<br><br>Case No. 4:10-bk-16880-EWH<br><br>**PRE-HEARING MEMORANDUM** |

Debtor, Amado G. Calderon, by and through the undersigned attorney, hereby submits the following Pre-Hearing Memorandum:

The gravamen of the Trustee's argument is that Debtor's real property, located at 12611 N. Granville Canyon Way, Oro Valley, AZ ("Granville Property"), was not Debtor's homestead at the time the Chapter 7 Petition was filed and, therefore is not exempt under Arizona law. The basis for the Trustee's position is that the Debtor was not living at the property at the time the Petition was filed and did not evidence his intent to return to the property.

It is Debtor's position that the homestead was created by operation of law when Debtor and Debtor's former spouse purchased the Granville Property and lived there as the marital residence for more than eight years prior to their divorce in 2011. Pursuant to Arizona law, A.R.S. § 33-1104(A), once a homestead is established, there are only three ways that it can be abandoned: 1) A declaration of abandonment or waiver; 2) a transfer by deed or contract; or 3) a permanent removal from the residence or the state. There is absolutely no evidence that Debtor ever declared an intention to make some other property his homestead and there is absolutely no evidence that

Debtor ever transferred ownership of the Granville by deed or contract. The sole other manner in which the trustee could show that the homestead had been abandoned would be to prove that Debtor was permanently removed from the Granville Property or from Arizona.

There is no dispute that the Debtor was removed from the Granville Property at the time he filed his Petition. According to undisputed evidence, after being awarded the home in his 2011 divorce, Debtor rented the Granville Property to a third party in May, 2011 and moved into a smaller rental property. Approximately a year and two months later, on July 27, 2012, Debtor file for relief under Chapter 7. It is the trustee's position that this rental of the Granville Property and absence at the time of filing, is sufficient for the Court to find that there was no homestead exemption available at the time of filing.

A.R.S. § 33-1104(A)(3), however, has a second sentence. This sentence reads, "A claimant may remove from the homestead for up to two years without an abandonment or waiver of the exemption." Pursuant to 11 U.S.C. § 522(b)(3)(A) and 9th Circuit precedent, the entitlement to an exemption is determined at the time of filing. Basic arithmetic shows that at the time of filing, the Debtor had not been removed from the Granville Property for two years. He had not, therefore, abandoned the homestead exemption by any of the three methods recognized by A.R.S. § 33-1104.

The Chapter 7 trustee has argued, successfully at the initial hearing but unsuccessfully on appeal, that the Court should focus on the Debtor's intent. At the initial hearing, the trustee introduced circumstantial evidence purported to show Debtor did not sufficiently evidence his intent to return to the Granville Property. Debtor believes the evidence will show he did always intend to return. But the Court should never reach the issue of intent because at the time of filing, Debtor's homestead exemption was completely protected by A.R.S. § 33-1104. Determining intent would only be appropriate if the bankruptcy filing had occurred more than two years after Debtor had moved out of the Granville Property.

Even if the Court is unconvinced that the Arizona statutes create a safe-harbor for debtors in a similar situation, the Court is bound to decide in favor of Debtor's homestead exemption based on the 9th Circuit decision *In re Tober*, 688 F.3d 1160, 1193 (9th Cir. 2012), holding that exemption statutes should be interpreted liberally in favor of the debtor and any ambiguity in a statute should

be resolved in favor of allowing the exemption.

The homestead exemption was created at the time the Granville Property was purchased and used as the marital residence. It was never abandoned by any of the three methods recognized by Arizona law. The bankruptcy filing occurred less than two years after Debtor had rented out the property. The homestead was never extinguished and, therefore, the Debtor is entitled to the exemption. Even if the Debtor was not protected by the exemption statutes, the evdence will show that his intent was always to return to the Granville Property. The exemption is valid and the Trustee's objection to the exemption should be denied.

DATED this 1st day of August, 2014.

**THE LAW OFFICE OF BARRY W. REX, PLC**

By     **/s/ Barry W. Rorex**
**Barry W. Rorex, Attorney for Debtor**